# Commonwealth *v.* Thompson, Appellant.

*Criminal law—Larceny—Indictment—Bill of particulars.*

An indictment charging the prisoner with the larceny of "fourteen dollars lawful money of the United States, the notes and coins composing said sum being to the inquest aforesaid as yet unknown," etc., is a sufficient description of the property. If the defendant requires a more specific description of the property he is charged with stealing, in order to make a proper defense, he may ask for a bill of particulars.

Argued Dec. 14, 1910.   Appeal, No. 19, March T., 1911, by defendant, from judgment of Q. S. Dauphin Co.,

June T., 1910, No. 76, on verdict of guilty, in case of Commonwealth v. Andrew Thompson. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Indictment for larceny. Before KUNKEL, P. J.

The court charged in part as follows:

The defendant is charged with larceny of $14.75, the property of the prosecutor. The prosecutor testifies that in changing his clothes in the room where his locker was at the Lochiel hotel and where he was employed, he left his money lying somewhere in the room, having forgotten to put it in his pocket after he changed his clothes. The money consisted of $14.75, made up of two five dollar bills, three one dollar bills, and $1.75 in change. You recall the evidence. He testifies that after his money was taken, the defendant told him that he hadn't any money but $1.15; that afterwards, some three or four hours, in a saloon in some part of Harrisburg, the defendant, after spending money there, pulled out of his pocket a five dollar bill and had it broken. The commonwealth also produced a witness who testifies that the defendant was seen about the time the money was left in the room—seen in the closet where the locker was; that that the defendant's own locker was somewhere distant from that, and that he did not keep his clothes in the locker where the prosecutor kept his, or in that room where the locker was. Now that circumstance is offered to show that at the time the money was there, the time the prosecutor says he left his money there, the defendant was near or in the place where it had been—or where it was shortly after it was left there. That was offered to show that the defendant had an opportunity to take the property—he was there where the money was, and afterwards the money was discovered to have been taken. That was offered to show an opportunity. Evidence of an opportunity to take property stolen is always competent to be considered by the jury.

Then the testimony relating to the statement of the defendant that he had but $1.15, is to be considered by the jury.  He was then thought to have taken the money, at least he met one witness and said to him that he believed the prosecutor thought he took his money; and in an interview about that time with the prosecutor, in the presence of the other witness, he, the defendant, stated he had but $1.15.  There was some testimony that he had some money from the clerk, some four dollars, that he, the defendant, told the witness he had used part of it to have a suit pressed.  You will recall that evidence.  [Then they all went, the witness testified, to the saloon and there the defendant exhibited a five dollar bill.] [3]   Now you are to determine whether or not, if you believe that evidence, the five dollar bill exhibited in the saloon was the property or part of the property of the prosecutor which he left in the room.

The defendant denies that he took any of this money. There is no denial that he was in the room where the money was lying.  He does not deny that he was where the witness—the porter—testifies he saw him; but he denies that he took any of the money, and he accounts for his possession of the five dollars in the saloon by saying that it was given to him by some woman, that she gave him a five dollar bill and a dollar and something in change, with three of which he was to buy a pair of shoes for her and the other $3.75 he was to return to her.  He says that the five dollar bill that he exhibited in the saloon was the five dollars that he had gotten from this woman. If that be so, then of course it was not one of the five dollar bills, the property of the prosecutor, which was left in the room, and the defendant ought to be acquitted. If however the five dollar bill exhibited in the saloon was one of the five dollar bills of the prosecutor, which was taken, if you are satisfied of that beyond a reasonable doubt, then he should be convicted.  The commonwealth is bound to satisfy you beyond a reasonable doubt.  [It is for you to consider also the absence of this woman who

the defendant says gave him the money. It is for you to consider whether or not he would have been able to have her here to corroborate his statement as to the possession of the five dollars in the saloon. He testifies that that was the five dollar bill that came from this woman. If it came from this woman, if he is to be believed, then it was not part of the property of the prosecutor, and he ought to be acquitted. If on the other hand, he has failed to satisfy you in the account of his possession of the five dollar bill, then you are to consider how far he is to be discredited.] [4] You are to determine from all the circumstances, considering the testimony with respect to the loss of the money,—the denominations of the coin and notes, the possession by the defendant of a note similar to the one that was taken some three or four hours afterwards, his statement that he had no money except $1.15, all these matters are to be considered. It is for you to determine whether or not you are satisfied beyond a reasonable doubt of his guilt. The charge here is taking this money. The commonwealth claims that the five dollars which he exhibited in the saloon was part of the money of the prosecutor taken from the room. If you are not satisfied of that beyond a reasonable doubt, then you cannot convict him of taking the money of the prosecutor, the charge contained in this indictment. If, after considering all the evidence you are satisfied beyond a reasonable doubt of his guilt that the money he exhibited in the saloon was part of the property of the prosecutor taken from the room, where it was left as testified to by the prosecutor, if you are satisfied of that beyond a reasonable doubt, then you should say so by your verdict and convict.

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were (1) refusal to quash indictment (2) refusal of binding instructions for defendant; (3, 4) portions of charge as above.

*R. W. Woods,* for appellant.—The articles alleged to have been stolen must be sufficiently described as to render them subject to identification and give notice to the defendant what he is accused of stealing and also to protect him for a second trial for the same offense: Seifried v. Com., 101 Pa. 200; Smith v. State, 33 Ind. 159; People v. Conger, 1 Wheeler Crim. Cas. 448; Markle v. State, 3 Ind. 535; State v. Stimson, 24 N. J. Law, 1; Stewart v. Com., 4 S. & R. 194; Com. v. Henry, 2 Brewster, 566; Com. v. Byerly, 2 Brewster, 568; Com. v. Witmer, 20 York Legal Record, 76.

*John Fox Weiss,* for appellee, filed no printed brief.

OPINION BY ORLADY, J., March 3, 1911:

The defendant was charged with the larceny of "the sum of fourteen dollars, lawful money of the United States, the notes and coins composing said sum, being to the inquest aforesaid as yet unknown, altogether of the value of $14.00 of the goods and chattels, moneys and properties of Casper Jackson." This description is challenged as being so uncertain and indefinite that the indictment should have been quashed on the motion of the defendant.

Difficulties sometime occur in giving an accurate and specific description of money stolen from the person, and the inquest in this case stated that the notes and coins composing said sum were as yet unknown by a definite description. The general rule is, that they should be described with such a certainty as will enable the jury to decide whether the chattel proved to have been stolen, is the very same with that upon which the indictment is founded, and show judicially to the court that it could have been the subject-matter of the offense charged, and enable the defendant to plead his acquittal or conviction to a subsequent indictment relating to the same chattel: Starkie, Crim. Plead. 181; Arch. Crim. Pl. & Pr. (2d ed.) 69, 2 Bish. New Crim. Proc., sec. 703.

The report of the commissioners on our revised criminal code (March 31, 1860, P. L. 427), states "The his-

tory of criminal administration abounds with instances in which the guilty have escaped by reason of the apparently unreasonable nicety required in indictments, and quotes from Lord Hale: 'that such niceties were grown to be a, blemish and an inconvenience in the law, and the administration thereof; that more offenders escape by the easy ear given to exceptions to indictments, than by the manifestations of their innocence; and that the grossest crimes had gone unpunished, by reason of these unseemly niceties.'"

To relieve against such practices, secs. 17 and 18 of the code provide that in such a case as the one now before us, it shall be sufficient to describe such instrument by any name or designation by which the same may be usually known, or by the purport thereof, and in such manner as sufficiently to identify such instrument. If the defendant required a more specific description of the property he was charged with stealing, in order to make a proper defense, he could have asked for a bill of particulars: Williams v. Commonwealth, 91 Pa. 493, which is addressed to the sound discretion of the court; Commonwealth v. Johnston, 19 Pa. Superior Ct. 241. No application for a bill of particulars was made by the defendant, and as the offense was charged substantially in the language of the act, it is now too late for him to complain that the indictment was not sufficiently specific: Commonwealth v. Miller, 31 Pa. Superior Ct. 309.

The excerpt from the charge of the court, as represented by the fourth assignment of error standing by itself is not a fair presentation of the view of the court, as it would be reasonably understood by the jury. While it is true that the defendant denied taking any of the money, it is not disputed that he had ample opportunity to take it from the locker of the prosecutor. His explanation of the source from which he received it was uncorroborated and this was a circumstance, which with others could rightly be considered by the jury. His possession when arrested of a bill of the same denomination, and his questionable

explanation of its possession at the time: his manner on the stand, the reasonableness of the facts to which he testified, as well as the credibility of all the witnesses was specially called to the attention of the jury for its consideration. We cannot in the examination of this record reproduce the atmosphere of the trial and we cannot tell how much he injured his case by appearing as a witness in his own behalf, and this added to the testimony of the commonwealth's witnesses made it a case specially for a jury.

The court should not under such a state of facts direct an acquittal, but should safeguard the rights of the defendant by a careful and adequate charge. The burden of proof never shifted, and the trial judge gave special emphasis to the fact that the jury must be satisfied beyond a reasonable doubt that the five dollar bill exhibited in the saloon was one of the five dollar bills taken from the prosecutor's locker in the hotel, before they could convict the defendant. This thought was given special prominence by repeating it a number of times.

The defendant's interests were protected by zealous counsel and the case was tried with great fairness. It being a case for the jury on the controverted facts, we cannot say that there is any reversible error in this record.

The judgment is affirmed.