## Commonwealth v. Doolittle.

*Criminal law—Indictment—Place of offence—Act of May 28, 1885.*

1. An indictment drawn substantially in the language of the Act of May 28, 1885, P. L. 27, charging that the defendant (1) unlawfully did take a female child under the age of sixteen years, naming her, of the age of thirteen years, into a house for the purpose of sexual intercourse, and (2) unlawfully did enveigle and entice the minor female child mentioned into a house and elsewhere for the purpose of sexual intercourse, will not be quashed on the ground that the indictment is not sufficiently precise to enable the defendant properly to prepare his defence and to protect him against a second prosecution for the same offence.

2. In such a case it is not necessary that the indictment shall state specifically the exact place where the offence occurred. If the accused needs more specific information than is contained in the indictment, he may ask for a bill of particulars.

3. Certainty in charging the offence is required, but only such a reasonable certainty in stating the facts and circumstances of the offence as will fairly apprise the accused of the crime charged.

Motion to quash indictment. Q. S. Fayette Co., Dec. Sess., 1921, No. 44.

*William A. Miller*, District Attorney, and *H. E. Hackney*, Assistant District Attorney, for Commonwealth.

*W. C. McKean* (of *Umbel, Robinson, McKean & Williams*), for defendant.

VAN SWEARINGEN, P. J., Dec. 27, 1921.—By section 1 of the Act of May 28, 1885, P. L. 27, it is provided: "That any person who takes a female child under the age of sixteen years for the purpose of prostitution or sexual intercourse, or, without the consent of her father, mother, guardian or other person having legal custody of her person, for the purpose of marriage, or who enveigles or entices any such minor female child into a house of ill-fame, or of assignation, or elsewhere, for the purpose of prostitution or sexual intercourse, shall, in every such case, be guilty of a misdemeanor," and upon conviction thereof shall be punished as in the act prescribed. The defendant, George Doolittle, was indicted under that act on two counts: (1) That he "unlawfully did take a female child under the age of sixteen years, to wit, one Eva May Neilson, of the age of thirteen years, into a house for the purpose of sexual intercourse;" and (2) that he "unlawfully did enveigle and entice the minor female child mentioned in the first count of this bill of indictment into a house and elsewhere for the purpose of sexual intercourse."

Defendant's counsel moved to quash the indictment on grounds (1) that neither the information nor the indictment, or any count therein, charges any offence made punishable by the act of assembly with the precision necessary and required in order that the defendant might properly prepare his defence thereto; (2) that neither of the counts in the indictment charges the offence

laid therein with the precision necessary and required in order to permit the defendant to plead former acquittal, or former conviction, if he should be prosecuted again for the same offence; and (3) that the second count in the indictment is bad for duplicity, in that it charges two distinct offences in the one count, namely, *(a)* the enticing of a minor female child into a house for the purpose of sexual intercourse, and *(b)* the enticing of a minor female child elsewhere for the purpose of sexual intercourse. The information sets forth that "at Republic, in the County of Fayette, on the 10th day of July, 1921, the defendant aforesaid unlawfully did take, enveigle or entice a minor female child under the age of sixteen years, to wit, Eva May Neilson, of the age of thirteen years, into a house or elsewhere for the purpose of sexual intercourse." Each count of the indictment charges the offence as having been committed in the County of Fayette and within the jurisdiction of this court.

The principal contention of defendant's counsel at the argument was that the indictment must state specifically the exact place where the offence occurred so as to protect the defendant from a second prosecution for the same offence. But it is not necessary for that purpose that the indictment shall set forth all the details so as to thereby, as matter of record, protect the defendant from a second prosecution. The plea of *autre fois acquit* or of *autre fois convict* is of a mixed nature, consisting partly of matters of record and partly of matters of fact. The matters of record are the former indictment and the verdict thereon; the matters of fact are the identity of the person and of the offence. To sustain such a plea the burden is on the defendant, and he may prove the identity of the person and offence by parol testimony, and must support his allegations by a preponderance of the evidence. When the facts are not controverted, the court has authority to direct a verdict on the plea for or against the Commonwealth, as the case may require. If the matters of fact involved in the plea be traversed, the case thereon is for the jury. If both this plea and the plea of not guilty be entered, the trial should be had preliminarily on the first, and thereafter on the second if the case so requires: 16 Corpus Juris, §§ 762, 769 and 771; Wharton's Criminal Pleading and Practice (8th ed.), 481; Bishop's Criminal Procedure (4th ed.), § 816; Sadler's Criminal Procedure, § 335; Greenleaf on Evidence (16th ed.), § 36; Com. v. Montross, 8 Pa. Superior Ct. 237; Com. v. Brown, 28 Pa. Superior Ct. 296; Com. v. Veley, 63 Pa. Superior Ct. 489; Com. v. Greevy, 75 Pa. Superior Ct. 116, reversed on certain points in 271 Pa. 95; Com. v. Dotterer, 30 Pa. C. C. Reps. 364. In simplification of these pleas, section 30 of the Act of March 31, 1860, P. L. 427, provides: "In any plea of *autre fois acquit* or *autre fois convict* it shall be sufficient for any defendant to state that he has been lawfully convicted or acquitted, as the case may be, of the offence charged in the indictment." It was held in Com. v. Shoener, 30 Pa. Superior Ct. 321, affirmed in 216 Pa. 71, that "the true test to ascertain whether the plea of *autre fois acquit* be a good bar is whether the evidence necessary to support the second indictment would have been sufficient to secure a legal conviction on the first," citing Com. v. Tadrick, 1 Pa. Superior Ct. 555; Com. v. Rockafellow, 3 Pa. Superior Ct. 588; Com. v. Montross, 8 Pa. Superior Ct. 237; Com. v. Hazlett, 14 Pa. Superior Ct. 352; s. c., 16 Pa. Superior Ct. 534.

Certainty in charging the offence is required, but only such a reasonable certainty in stating the facts and circumstances of the offence as will fairly apprise the accused of the crime which is charged that he may intelligently prepare to meet it, and, if convicted, successfully plead his conviction in a

1 D. & C.

subsequent prosecution therefor. But this does not require so minute a description of the offence as to entirely supersede proof of its identity when the judgment is pleaded in bar to a second indictment: Joyce on Indictments, §§ 251 and 252. Ordinarily it is sufficient to aver the county as the place of the commission of the offence, if the county be coterminous with the jurisdiction of the court: Wharton's Criminal Pleading and Practice (8th ed.), § 139; Wharton's Criminal Procedure (10th ed.), § 181. Under the Act of May 28, 1885, P. L. 27, now before us, it was said in Com. v. Bowser, 61 Pa. Superior Ct. 107: "The prohibition is directed against having sexual intercourse with a female child under the age of sixteen years; the place where the act is committed is not material under this statute, and in the very words of the statute, the unlawful act may be committed 'in a house of ill-fame, or assignation, or elsewhere.'"

Section 11 of the Act of March 31, 1860, P. L. 427, provides: "Every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of assembly prohibiting the crime, and prescribing the punishment, if any such there be, or, if at common law, so plainly that the nature of the offence charged may be easily understood by the jury." And under this provision of the act, in Com v. Miller, 31 Pa. Superior Ct. 309, where, on motion to quash the indictment, it was argued that the averment of certain particulars was essential to enable the defendant to prepare his defence and to protect him against a second prosecution for the same offence, President Judge Rice said: "Where the offence is purely statutory, having no relation to the common law—where, in other words, the statute specifically sets out what acts shall constitute the offence—section 11 of the Criminal Procedure Act of 1860, which provides that every indictment shall be deemed sufficient which charges the crime substantially in the language of the act of assembly prohibiting the crime, and prescribing the punishment, is applicable. This statutory rule, as applied by the courts of this Commonwealth, works no hardship and infringes no constitutional right of the accused, for whenever, before trial, he needs more specific information than is contained in the indictment, drawn in accordance with the provision of the Criminal Procedure Act, to enable him to make a just defence, it may be had on timely and proper application to the court for a bill of particulars. This is none the less true because an application for a bill of particulars is addressed to the sound discretion of the court." Citing Com. v. Johnston, 19 Pa. Superior Ct. 241, where the same principle was stated.

In Williams v. Com., 91 Pa. 493, it was said by Mr. Justice Trunkey: "The indictment is sufficient under the Criminal Procedure Act, and the motion to quash was rightly refused. It does not furnish sufficient information to enable the defendant to prepare his defence, and this may often occur where the law declares an indictment good which charges the crime substantially in the language of the act of assembly prohibiting the crime and prescribing the punishment. Prior to 1860, when greater particularity was required in setting out the offence in the indictment, it sometimes failed to give the defendant such notice as he was entitled to of the specific matters which would be attempted to be proved against him on the trial. Whenever such is the case, the accused may apply to the court or judge for an order that a bill of particulars be filed, and on the trial the Commonwealth will be restricted to the proof of the items contained therein." In Com. v. McCoy, 10 Pa. Superior Ct. 598, where the indictment was for disturbing a meeting being held for social and moral purposes, it was said by the court: "The indictment here

being substantially in the words of the act of assembly, it was not necessary that either the specific purposes for which the meeting was held or the nature or character of the disturbance should be set forth with greater particularity and detail. It was distinctly charged that there was a disturbance, wilfully and maliciously made, at a meeting held at a church for social and moral purposes. This constitutes an offence under the provisions of the Criminal Code already quoted, and if the defendant desired to be. more particularly informed as to the specific mode of disturbance, he could have made the application referred to in Williams v. Com., 91 Pa. 493." In Com. v. Thompson, 46 Pa. Superior Ct. 225, it was held, as stated in the syllabus: "An indictment charging the prisoner with the larceny of 'fourteen dollars, lawful money of the United States, the notes and coins composing said sum being to the inquest aforesaid as yet unknown,' is a sufficient description of the property. If the defendant requires a more specific description of the property he is charged with stealing, in order to make a proper defence, he may ask for a bill of particulars."

In Com. v. New Bethlehem Borough, 15 Pa. Superior Ct. 158, after stating that criminal pleading is no longer the technical thing it was, and that courts look more to substantial justice than to artificial nicety, it was said by President Judge Rice: "Notwithstanding this liberality of pleading, the rule undoubtedly is that an indictment must show that an offence has been committed, and, if at common law, must describe the same 'so plainly that the nature of the offence charged may be easily understood by the jury.' This is the test by which the sufficiency of the indictment is to be determined. If it comes up to this standard, but does not furnish sufficient information to enable the defendant to prepare his defence, the remedy is not by motion to quash, but by motion for a bill of particulars."

In Com. v. Buccieri, 153 Pa. 535, where the defendant was indicted for murder, and the third and fourth assignments of error were to the refusals of the trial court to quash the indictment and to direct the Commonwealth to furnish the prisoner's counsel with a bill of particulars, it was said by Mr. Justice Dean: "The indictment itself is drawn in the general terms directed by the Criminal Code of 1860. There are doubtless cases where it is proper that the prisoner shall have, under an indictment so drawn, a more particular specification of the accusation he is called upon to defend against, otherwise he might be taken by surprise. It is enough to say that this does not belong to that class of cases. It is not necessary to constitute a good indictment under our statute that the weapon used should be averred, nor the manner of the killing. Before arraignment, if it be made to appear to the court that any injustice is likely to be done the prisoner because of vagueness of the indictment, a bill of particulars may be ordered; this, not because the prisoner has a right to demand it, but because the court, after trial, on proof of surprise or injustice in consequence of the absence of specific averment as to weapon and manner of killing, would set aside the verdict and grant a new trial. Here, the indictment set out all the law demanded. A bill of particulars could give the prisoner no information as to the weapon or manner of killing which he did not possess before arraignment. It was not pretended that he was 'surprised' by unexpected proof, or that the Commonwealth proved the use of a weapon not theretofore known to him, nor that the manner of killing was other than he knew he was charged with. If by a bill of particulars was meant a specification of the evidence to be adduced by the Commonwealth, this the prisoner had no right to ask, nor the court any right to direct." In Com. v. Zuern, 16 Pa. Superior Ct. 588, there was a peti-

1 D. & C.

tion by the defendant that the district attorney be directed to "file a bill of particulars of matters they propose to prove in this case," and the Superior Court, citing Com. v. Buccieri, 153 Pa. 535, said: "These requests were in effect for a specification of the evidence to be adduced by the Commonwealth. This the prisoner had no right to demand nor the court to require." See, also, Com. v. Powell, 23 Pa. Superior Ct. 370; Com. v. Shoener, 25 Pa. Superior Ct. 526.

What has been said sufficiently covers all the reasons assigned in support of the motion of defendant's counsel. The indictment is drawn substantially in the language of the Act of May 28, 1885, P. L. 27, prohibiting the crime and prescribing the punishment. The offence is purely statutory. The statements contained in the indictment show that an offence under the statute has been committed. The facts and circumstances of the offence are stated in the indictment with such reasonable certainty as will fairly apprise the accused of the crime charged. We are of opinion that no legal ground for quashing the indictment has been shown.

And now, Dec. 27, 1921, for the reasons stated in the opinion herewith filed, the motion to quash the indictment is overruled and dismissed.

From Luke H. Frasher, Uniontown, Pa.