## Commonwealth v. McCoy.

*Public officers — Supervisors — Furnishing own teams — Criminal law— Road law—Act of March 31, 1860.*

An indictment charging that a supervisor furnished his own team for work on a township road and accepted pay for the same, charges an offence under section 66 of the Act of March 31, 1860, P. L. 400, although it is not averred that there was any corrupt or dishonest intent or unfairness in the price charged for the services.

Motion to quash indictment. Q. S. Clearfield Co., Feb. Sess., 1923, No. 62.

*Miller & Hartswick* and *A. H. Woodward*, for motion.

*John C. Arnold*, District Attorney, contra.

BELL, P. J., Nov. 17, 1923.—While certain matters of form are set out in the motion, it is conceded that these raise questions of alleged defects which are amendable, and the real and substantial question involved is that raised by the third reason: "That the acts charged in the bill of particulars this day furnished do not constitute a criminal offence under the laws of Pennsylvania." The real proposition in the case is substantially this: The indictment charges the defendant with being a Supervisor of the Road District of the Township Beccaria, and with having furnished to said road district his own team for work for the township and having been paid therefor by the said district, and the indictment avers that he was thereby unlawfully interested in certain contracts for the sale or furnishing of supplies to the said district. The Commonwealth contends, and the defendant denies, that this falls within the prohibition of the 66th section of the Act of March 31, 1860, P. L. 400; and the Commonwealth also avers, and the defence denies, that this is within the prohibition of the 239th section of the Act of July 14, 1917, P. L. 840, 867. On the specific proposition there was strong difference of opinion between the views expressed by Judge Woodward in Coxe's Case,

Commonwealth *v.* McCoy.

1 Dist. R. 702, and In re Hazle Township, 1 Dist. R. 813, and those of Judge Stewart in Funk *v.* Washington Township, 13 Pa. C. C. Reps. 385, and Washington Township *v.* Shoop, 2 Dist. R. 639. Judge Stewart took the view that the omission of the word "municipality" in the first part of the sentence of the 66th section of the Act of 1860 showed an intention to create a different construction from the later clause of the act in which that word was used, but as this doctrine was repudiated by the Superior Court in Com. *v.* Miller, 31 Pa. Superior Ct. 309, and Com. *v.* Witman, 217 Pa. 411, this objection is without force.

The construction given to the 66th section of the Act of 1860 by the Superior Court in Com. *v.* Miller, 31 Pa. Superior Ct. 309, is avowedly designed to make the scope of the act cover everything reasonably coming within its meaning which falls within the evil sought to be guarded against, and it is flatly stated that the enactment should not be deprived of the greater part of its efficiency. It is also decided "that a corrupt or dishonest intent or unfairness of the price charged or contracted for the supplies or materials is not an essential element of defence," and it is asserted that the purpose of the act was to forbid all of the officers and persons included in the prohibition from engaging in any business relation on behalf of those they served with themselves or concerns in which they were directly interested, and this expression is used: "He that is entrusted with the interests of others cannot be allowed to make the business an object of interest to himself, because, from a frailty of nature, one who has the power will be too readily seized with the inclination to use the opportunity for serving his own interest at the expense of those for whom he is entrusted. The danger of temptation from the facility and advantage for doing wrong, which a particular situation affords, does, out of the mere necessity, work a disqualification." All of the cases which we have seen concur in the position that the supervisor in such case cannot lawfully be paid by the district, notwithstanding the perfect fairness of the transaction, and this itself is persuasive, because, if these acts are prohibited by public policy, irrespective of any act of assembly, as was declared by Judge Stewart, the offending party is on dangerous ground. The view of the Act of 1860, taken in Com. *v.* Miller, was positively reasserted by the Supreme Court in Com. *v.* Witman, 217 Pa. 411, in which, quoting Com. *v.* De Camp, 177 Pa. 112, it was said: "Section 66 is virtually a transcript of section 1 and 2 of the Act of April 26, 1855, P. L. 328. As was doubtless intended by the revisers of our Criminal Code, its scope is broad and comprehensive."

That a supervisor could not recover from the road district or lawfully be paid by it for such services as was here rendered has been several times decided by the courts of this district, and we have not been shown any reason why this view should not prevail. It is contended that team hire does not fall within the term "supplies," but we think the answer thereto In re Hazle Township, 1 Dist. R. 813, is unanswerable.

We are not impressed by the contention that the wording of the Act of 1917 is broad enough to sustain this indictment if it is not good under the Act of 1860, but applying to the facts here presented the trend of construction of the appellate courts, we reach the conclusion that this indictment is good under section 66 of that act.

Now, Nov. 17, 1923, the motion to quash is overruled, exception noted and bill sealed to the defendant. Leave is granted to the district attorney to amend the indictment in matters of form so as to conform to any formal errors therein, to which exception is noted and bill sealed to the defendant.

From John M. Urey, Clearfield, Pa.