## Commonwealth, Appellant, *v.* White.

*Criminal law—False pretenses—Indictment—Act of March* 31, 1860, *sec.* 111.

An indictment under section 111 of the act of March 31, 1860, relating to obtaining money under false pretenses, which charges that the defendant " did falsely and designedly pretend " the matter alleged, knowing it to be false, is not open to the objection that the indictment contained " no statement showing wherein the pretenses alleged are false." Nor can it be objected that the matter is not negatived. The averment of its falsity sufficiently negatives it.

An indictment for false pretenses need not aver as to how the money was obtained—whether as a gift, a loan, or otherwise. It is sufficient that the money was obtained from the prosecutor by a false pretense, with intent to defraud him of it.

Argued Dec. 7, 1903. Appeal, No. 10, March T., 1904, by Commonwealth, from order of Q. S. York Co., Aug. T., 1902, No. 37, quashing indictment in case of Commonwealth v. Walter B. White. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Motion to quash indictment for obtaining money by false pretenses. Before BITTENGER, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was order quashing the indictment.

*Allen C. Wiest,* district attorney, with him *John A. Hoober,* for appellant.—To say a certain statement or representation " is false " undoubtedly negatives it as clearly, certainly and forcibly as to say that " it is not true : " Com. v. Max Rosenberg, 3 Lancaster Law Rev. 75.

The third objection to the indictment,—" Because there is in said indictment no allegation as to how the money was obtained from the prosecutor—whether as a gift, a loan, or otherwise," can have no force ; for it is immaterial for what purpose the property was delivered ; if the other elements of the offense are present the defendant is guilty : Com. v. McCoy, 10 Pa. Superior Ct. 598 ; Com. v. Johnston, 19 Pa. Superior Ct. 241 ; Com.

v. Bachop, 2 Pa. Superior Ct. 294 ; Com. v. Howells, 18 Pa. Superior Ct. 323 ; Com. v. New Bethlehem Boro., 15 Pa. Superior Ct. 158 ; Com. v. Frey, 50 Pa. 245 ; Com. v. Sober, 15 Pa. Superior Ct. 520 ; Sherban v. Com., 8 Watts, 212.

If there are any formal defects in the indictment, which we do not concede, the court should have given the commonwealth an opportunity to amend : Gorman v. Com., 124 Pa. 536 ; Com. v. Williams, 149 Pa. 54 ; Com. v. Barge, 11 Pa. Superior Ct. 164.

*J. S. Black*, for appellee.

OPINION BY SMITH, J., January 21, 1904 :

This is an appeal by the commonwealth from the action of the court of quarter sessions of York county in quashing an indictment charging the defendant with having obtained money under false pretenses.    The motion to quash contains the following reasons : " First, because there is in said indictment no statement showing wherein the pretenses alleged are false. Second, because the allegation relied upon as false is not in said indictment negatived.    Third, because there is in said indictment no allegation as to how the money was obtained from the prosecutor—whether as a gift, a loan, or otherwise."

Upon this motion the court entered the following order : " And now, October 22, 1903, on the motion filed, this indictment is quashed as not legally charging an indictable offense as required by law and for the reasons set out in the said motion to quash ; same day an exception is asked by the district attorney and exception sealed."    The foregoing, with a copy of the indictment, comprise the record as presented here.

By the code of penal procedure of March 31, 1860, section 11, " Every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of assembly prohibiting the crime and prescribing the punishment, if any there be, or, if at common law, so plainly that the nature of the offense charged may be easily understood by the jury."    The effect of this provision has repeatedly been considered by the Supreme Court and by this court, and a review of the authorities, with the conclusions resting on them, will be found in Com. v. Howells, 18 Pa. Su-

perior Ct. 323, and Com. v. Johnston, 19 Pa. Superior Ct. 241, the latest reported cases on the subject. Nothing is necessary here but the application of settled principles.

In the case before us the commonwealth alleges a violation of the following provision of the penal code of March 31, 1860, section 111 : "If any person shall, by any false pretense, obtain from any other person any chattel, money, or valuable security, with intent to cheat and defraud any person of the same, every such offender shall be guilty of a misdemeanor."

With respect to some offenses made punishable by statute, the language employed in describing them is so general in character that an indictment which merely followed the language of the act, in charging the crime, would not state the offense with such certainty or particularity that its nature could be easily understood by the jury, or the defendant could know what he was called to answer, or the judgment of the court could be determined. In such cases, the charge must be specified beyond the language of the act. As to the offense now under consideration, for example, it is not sufficient to charge merely that the defendant, by false pretenses, obtained a chattel, money, or valuable security; the pretenses must be specifically set forth : Com. v. Frey, 50 Pa. 245 ; and the chattel, money or security obtained must be specifically stated. The particularity demanded, however, is only of the degree required in declarations,—"certainty to a certain intent in general ; " or that which, upon a fair and reasonable construction, may be called certain, and in which the averments of matters obviously arising from implication is unnecessary : Sherban v. Com., 8 Watts, 212 ; Edge v. Com., 7 Pa. 275 ; Lutz v. Com., 29 Pa. 441.

Whether the indictment, in the case before us, might not have been framed with greater precision and certainty, on the points embraced in the motion to quash, need not be considered ; we have only to determine whether it sets forth, with the requisite certainty, the essentials of the offense which it is designed to charge. The objection that it contains "no statement showing wherein the pretenses alleged are false," is clearly unfounded ; the averment that the defendant "did falsely and designedly pretend" the matter alleged, knowing it to be false, necessarily implies that it was false throughout.

178, (1904).]                    Opinion of the Court.

That this matter is not negatived is an objection equally without foundation; it is sufficiently negatived by the averment respecting its falsity.    In an indictment for forgery, it is averred that the defendant " did falsely make, forge and counterfeit " the writing in question, but the genuineness of this is not negatived. It is as needless to negative the truth of a matter alleged to be false, as to negative the genuineness of a writing alleged to be forged.    As to the third reason to quash, it is wholly immaterial, under the statute, whether the prosecutor parted with the money " as a gift, a loan, or otherwise."    It is sufficient that the money was obtained from the prosecutor by a false pretense, with intent to defraud him of it.    The indictment, upon a fair and reasonable construction, charges this with the requisite certainty, " so plainly that the nature of the offense charged may be easily understood by the jury; " the defendant may know what he is called on to answer, and the judgment to be pronounced by the court is clear.    No more than this is required.

Order quashing the indictment in this case is reversed and a procedendo is awarded.