Commonwealth, Appellant, *v.* Morgan.

Argued November 9, 1953.    Before RHODES, P. J., HIRT, ROSS, GUNTHER and WRIGHT, JJ.

*William H. Colvin,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, *Harry A. Estep,* Assistant Deputy Attorney General, and *Charles D. Coll,* Special Deputy Attorney General, for appellant.

*Maurice H. Goldstein* and *George F. P. Langfitt,* with them *Charles J. Spinelli,* for appellees.

OPINION BY GUNTHER, J., January 19, 1954:

These are appeals by the Commonwealth from orders quashing indictments for perjury. The two defendants were indicted separately, but the cases were jointly argued and appealed.

The defendant Morgan was indicted for perjury arising from his answers to questions before a special

investigating grand jury. There were two separate indictments. One charged him with submitting and swearing to a complete account of his income which was false and incomplete, though the indictment failed to specify in what particulars lay the falsehood. The other indictment charged him, in one count, with swearing falsely that there were no fictitious accounts in a certain credit union, that he paid two separate amounts to a party listed in the account and that he had not endorsed the name of another on a third check.

The defendant Ferris was likewise indicted twice under similar charges. Both indictments charged that he swore falsely that a prepared statement of his net worth contained all his assets, liabilities and income and that no others held title to property in which he held an equitable interest, whereas the statement was incomplete and there was property of his held in others' names. No particulars were set forth other than the general averments.

All the indictments were quashed by the court below for insufficiency and duplicity.

It is fundamental that an indictment be stated with so much certainty that the defendant may know what he is called on to answer. *Com. v. Stephens,* 143 Pa. Superior Ct. 394, 17 A. 2d 919. The most that these defendants could know in advance was that their respective statements of income, assets and liabilities would be challenged in some one or more particulars of which the indictments make them unaware. Where an alleged false statement is general and not particular and the existence of a particular fact makes it false, a perjury indictment should allege such particular fact. See 70 C.J.S., Perjury, Sec. 46. The alleged falsehoods of these defendants were general in that they swore to the accuracy of general and detailed financial accountings. The indictments should therefore have specified

the particular parts of the statements that were false. Since both indictments against Ferris and the first indictment against Morgan are remiss in this respect, they are insufficient and must be quashed, for neither defendant could prepare a defense against such general averments.

The second indictment against Morgan and to the same extent both indictments against Ferris, are void for duplicity. Since a jury must return as to each count of an indictment only one verdict, it is well established that two or more offenses, distinct and unconnected, should be charged in separate counts. *Com. v. Sutton,* 171 Pa. Superior Ct. 105, 90 A. 2d 264. The defendant Morgan was charged in one count with four offenses no two of which can be said to have arisen from a single act or transaction. The charges against Ferris are similarly lumped in one count yet relate to separately provable matters.

Orders affirmed.