## Commonwealth *v.* Rouse, Appellant.

Argued December 13, 1965.   Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFF-MAN, JJ. (FLOOD, J., absent).

*Bernard L. Segal,* First Assistant Defender, with him *Herman I. Pollock,* Defender, for appellant.

*Vincent C. Veldorale,* Assistant District Attorney, with him *Joseph M. Smith,* Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., March 24, 1966:

This appeal is taken by defendant from judgment of sentence imposed after his motions in arrest of judgment and for a new trial were denied by the lower court.

Defendant was tried before the Honorable JOHN J. MCDEVITT, of Philadelphia County, sitting without a jury, and convicted of assault and battery, indecent assault, aggravated assault and battery, assault and battery with intent to ravish, sodomy, and corrupting the morals of a minor child. The acts involved defendant's eight-year old daughter.

In his first argument, defendant contends that reference to his criminal record by the district attorney and the use in rebuttal of evidence of acquittals, an ignored charge, and of convictions of misdemeanors not involving crimen falsi "were so fundamentally prejudicial that it could not be cured by the later granting of a motion to strike."

Defendant took the witness stand, denied performing the acts, and stated that his wife influenced his child to falsely accuse him of the offenses. To impeach defendant's credibility, the assistant district attorney sought to introduce evidence of his prior record. Prior to the production of the record and while defendant was on the witness stand, a colloquy took place between the judge and the assistant district attorney in regard to the method of producing defendant's record. Men-

tion of the record was objected to by the Voluntary Defender as being prejudicial. His motion for the withdrawal of a juror was overruled. The record was not introduced at that time; nor were any questions concerning it asked. Later, in rebuttal, a clerk of the court of quarter sessions read to the court the record consisting of a 1963 conviction of solicitation to commit sodomy and corrupting the morals of a minor, a 1961 conviction of burglary and conspiracy, a 1958 acquittal of larceny of an automobile, a 1952 conviction of larceny, a 1960 acquittal of loitering and prowling, and a 1960 charge of possession of burglary tools which was ignored by the grand jury. Defense counsel again moved for the withdrawal of a juror which was overruled. Later the court granted defense counsel's motion to strike out all the testimony concerning defendant's record except the 1963 conviction of solicitation to commit sodomy.

If this had been a trial before a jury, defendant's argument would be a more compelling one. However our examination of the record of a trial without a jury differs in certain respects from our examination of a jury trial record. *Commonwealth v. Horn*, 186 Pa. Superior Ct. 429, 140 A. 2d 847 (1958). In the case of a trial before a jury, we must be mindful that twelve laymen, unlearned in the technicalities of the rules of evidence, can be easily confused or prejudiced by certain evidence admissible as having value for one purpose but not for another. When the defendant waives a jury trial, we have a right to expect a more perceptive and judicious application of the rules of evidence by a trial judge, learned in the law. A judge, unlike a layman, knows that only *convictions* of felonies or misdemeanors crimen falsi can be used for the purpose of impeaching credibility and for that purpose only. He, unlike a layman, also knows that improperly admitted evidence must be stricken from consideration. It is the

fear that a layman cannot separate in his deliberation the admissible evidence from the inadmissible that leads a trial judge to withdraw a juror in certain trials. However, we are satisfied that Judge McDEVITT, in striking the improper evidence, indicated that he was ignoring it in reaching his verdict. Defendant's credibility was sufficiently drawn into question by his 1963 conviction of solicitation to commit sodomy, which, as a felony, was properly admissible for purposes of impeachment. *Commonwealth v. Butler,* 405 Pa. 36, 173 A. 2d 468, cert. denied, 368 U. S. 945, 82 S. Ct. 384 (1961). We find no reversible error on this point.

Defendant in his other argument complains that he was deprived of the ability to assert an alibi defense "in violation of the Fifth and Fourteenth Amendments to the Federal Constitution" by the failure of the Commonwealth to prove that the offenses charged happened on the date set forth in the indictment.

The bills of indictment allege that the acts occurred "on or about November 15, 1964." The Voluntary Defender entered his appearance for defendant on February 19, 1965. The trial began on March 26, 1965. During all this time no bill of particulars was requested, nor was a continuance requested. At trial no particular alibi was offered for November 15, 1964, nor for any other date. The testimony indicated that defendant and his wife, after a thirteen month separation, lived together with the child from November 6, 1964 to December 16, 1964, and again at the end of December, 1964. A complaint of a violation of constitutional rights on the grounds of alibi deprivation is, when considering this record, unpersuasive.

It is well established in this jurisdiction that the Commonwealth is not restricted to proof of the crime on the exact date stated in the indictment. *Commonwealth v. Morrison,* 180 Pa. Superior Ct. 121, 118 A. 2d 258 (1955). In the prosecution of sodomy or other

crimes in which a particular date or day of the week is not the essence of the offense, the Commonwealth's burden is to prove the commission of the crime upon some date fixed with reasonable certainty and within the prescribed statutory period. *Commonwealth v. Mourar*, 167 Pa. Superior Ct. 279, 74 A. 2d 734 (1950). We are of the opinion that this burden was met in this case. Here the trial judge, who observed all the witnesses and assessed their credibility, found that "on several occasions during the period from approximately the first week in November to the second week in December, and on or about the New Year", the defendant committed the acts with which he was charged. Where a defendant in a criminal prosecution agrees to be tried by a judge without a jury, the findings of the judge are as binding upon the appellate court as the verdict of a jury, if supported by competent evidence, regardless of whether the appellate court would have independently made the same findings. *Commonwealth v. Lewis*, 187 Pa. Superior Ct. 231, 144 A. 2d 441 (1958). We have reviewed the evidence in this case and are satisfied that there was testimony by the eight-year old victim, whose competence is not questioned, to support this finding of the trial judge. We will not reverse it.

Judgment of sentence affirmed.

DISSENTING OPINION BY HOFFMAN, J.:

I respectfully dissent. In this relatively short trial the Commonwealth introduced evidence of acquittals, ignored bills of conviction and conviction for misdemeanors not involving crimen falsi. The majority concludes, however, that a judge knows that such improper evidence must be stricken from consideration.

It is true that when a judge sits without a jury we need not be as fearful of the confusion or prejudice possible at a jury trial. When, as here, however, a significant portion of the record deals primarily with the

inadmissible evidence noted above, there is sufficient reason to suspect that even a judge may be unable to wholly dispel from his mind the prejudicial effects of such evidence. The frequent improper references to appellant's prior contacts with the law were, in my opinion, so potentially dangerous that we should not assume that the judge was able to ignore them completely in passing on guilt and in sentencing.

I would order a new trial.