**UNITED STATES of America**
**v.**
**Antonio John FARGAS, Defendant.**
**No. 66 Cr. 792.**

United States District Court
S. D. New York.

April 5, 1967.
Rehearing Denied May 9, 1967.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, for United States of America; Paul K. Rooney, Asst. U. S. Atty., of counsel.

Rabinowitz & Boudin, New York City for defendant; Michael B. Standard, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge:

On October 11, 1966 defendant Fargas pleaded not guilty to an indictment charging him with refusing to submit to induction into the Armed Forces in violation of 50 App. U.S.C. § 462.

He has moved to dismiss the indictment[1] for failure to state facts sufficient to constitute an offense against the United States, Rule 12, F.R.Cr.P., and alternatively for a bill of particulars and for production of documents pursuant to Rules 7(f) and 17(c), F.R.Cr.P.

In support of his motion to dismiss Fargas has submitted an affidavit, see Rule 47, F.R.Cr.P., reciting the following facts from his selective service file:

Fargas duly registered with his local board and was given a 1-S (student) deferment. Some time during October 1965 he was reclassified 1-A by the board, apparently on the ground he was no longer attending school. He was then in Europe and did not appeal the board's order of reclassification.

On May 31, 1966, the local board mailed to Fargas a Notice to Report for Induction on June 13, 1966 at the Armed Forces Induction Center at 39 Whitehall Street. On June 1, 1966 Fargas appeared at his local board and requested the special form for conscienticus objectors (S.S.Form No. 150). See 32 C.F.R. § 1612.11. The board supplied him with the form and directed him to complete and return it by June 9. The board also fixed that date for a personal interview concerning his conscientious objector claim. On June 9, 1966 Fargas filed his completed Form 150 claiming exemption from both combatant and non-combatant service as a conscientious objector and was interviewed by the local board with respect to this claim. On June 10 the board advised him by letter that the "evidence did not warrant the re-opening of your case and reconsideration of your present classification" and that he was "to report for induction as scheduled on June 13, 1966."

Fargas then submitted to the board a written summary of what had been done and said at his interview. Cf. 32 C.F.R. § 1624.2(b). On June 13 Fargas apparently advised the board by letter that he intended to refuse induction into the Armed Forces. On June 16 he mailed to the board a notice in letter form appealing its decision denying him re-

---

1. The indictment charges that "on or about the 13th day of June, 1966, in the Southern District of New York, Antonio John Fargas, the defendant, unlawfully and knowingly did fail, neglect and refuse to perform a duty required of him under and in execution of the Universal Military Training and Service Act, Title 50, Appendix, United States Code, Section 451 et seq., and the rules and regulations and directions made pursuant thereto, in that he, being a registrant, upon reporting for induction pursuant to an Order to Report for Induction mailed to him by his Selective Service System Local Board, unlawfully and knowingly did fail, neglect and refuse to submit to induction into the armed forces of the United States at the Armed Forces Induction Station, 39 Whitehall Street, New York, New York."

classification as a conscientious objector after interview.

What happened then is not clear. It appears, however, that by letter dated July 6, 1966, New York City Selective Service Headquarters through the Chief of its Legal Division returned Fargas' file to the local board "to permit the board the opportunity to reply to the statement of the registrant dated June 10, 1966, summarizing his interview of June 9, 1966." The letter stated

"If the Board feels after again reviewing the file in the light of some of the new information which was most recently received by the Local Board that a new interview may be beneficial, then the registrant may be so advised. He should also be informed of his day to day obligation to report for induction under the outstanding order dated May 31, 1966, and that any scheduled interview does not have priority over said obligation."

On July 14, 1966 the local board "reviewed thoroughly all material in the file" and determined that the "facts did not warrant any change in status." It stated the following somewhat confusing reasons for this conclusion:

1. At no time did Fargas "indicate any performance for services [sic] in area of conscientious objection."

2. "He attended H.S. of Fashion Industries 1960–65 and then obtained a position as a professional actor with a contract for 4 weeks terminating about 7/16/66 or 6 weeks after he was ordered to report for induction."

3. He had been given "every opportunity to indicate what services in Armed Forces he was willing to perform."

Fargas was advised by letter dated July 15, 1966 that the "facts do not warrant a reopening of your case" and that he had a "continuing duty from day to day to report for induction."

It is conceded, for purposes of this motion, that Fargas did not report for induction and refused to do so.

Fargas' contention that the indictment should be dismissed appears to rest on two intermingled grounds, the first addressed to the face of the indictment and the second based on the factual record now before the court. Neither ground is well taken.

### I.

Fargas first urges that the indictment is insufficient on its face because it does not contain allegations to the effect that his board had properly determined that he was not entitled to the conscientious objector exemption which he claimed. This, says Fargas, constitutes a failure to allege an essential element of the offense charged and requires dismissal under Rule 12(b) (2).

I see no merit in this contention. This indictment is a "plain, concise and definite statement of the essential facts constituting the offense charged" in full compliance with Rule 7(c), F.R.Cr.P. It alleges a knowing and unlawful failure and refusal to submit to induction into the armed forces at the 39 Whitehall Street induction station as required by an order to report for induction sent Fargas by his Selective Service System Local Board. The duty so to report is spelled out in the Selective Service Act, 50 App. U.S.C. § 462(a), and in the Regulations promulgated thereunder. 32 C.F.R. § 1632.14. The indictment specifically alleges failure and refusal to perform that duty.

This indictment is amply sufficient to inform the defendant of the nature of the charge against which he must defend himself; to protect him against double jeopardy; and to enable the court to determine whether the facts alleged are sufficient in law to withstand a motion to dismiss or to support a conviction. See United States v. Lamont, 18 F.R.D. 27 (S.D.N.Y.1955), aff'd, 236 F.2d 312 (2d Cir. 1956). Any further information Fargas may require in order to prepare a defense may be supplied by a bill of particulars under Rule 7(f), F.R.Cr.P.

The case at bar is unlike Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962) and United

States v. Lamont, supra, on which defendant relies. There allegations as to the authority of the congressional subcommittee to conduct the inquiries at which defendants were asked the questions which they were charged with refusing to answer were held essential to establish the unlawfulness of defendants' conduct under the terms of the statute proscribing the offense.

Here the authority of the local board to issue the order which Fargas refused to obey is clearly spelled out in the statute and the regulations duly promulgated thereunder which are alleged in the indictment.

Any questions as to the validity of the local board's refusal to grant conscientious objector exemption are matters of defense which may be raised to the limited extent permitted by such cases as Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1945) and Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59 (1947). See also United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). There is no necessity for the indictment to negate any defenses which might be raised.

## II.

Fargas further contends that even if the indictment is sufficient on its face he is nevertheless entitled to a dismissal under Rule 12(b) (1) because the facts stated in the moving affidavit constitute a complete defense to the charge made.

Relying on United States v. Gearey, 368 F.2d 144 (2d Cir. 1966), he argues

tious objector exemption was first filed after the order to report for induction was issued, the local board should have determined whether or not his beliefs as a conscientious objector matured after he knew of the order to report and if so whether he was a bona fide conscientious objector.[2] He contends that that since his application for conscien- the board failed to make such a determination and that he therefore cannot be found guilty of failure and refusal to obey the board's induction order as a matter of law under *Gearey.*

This branch of defendant's motion, laid under Rule 12(b) (1), apparently goes on the premise that a defense is raised "which is capable of determination without trial of the general issue." The court, in its discretion, may order that such a motion "be deferred for determination at the trial of the general issue." Rule 12(b) (4), F.R.Cr.P. The motion should be so deferred where determination of the validity of the defense would necessarily involve consideration of issues which will ultimately determine the merits. Cf. United States v. J. R. Watkins Co., 16 F.R.D. 229, 232–233 (D.C.Minn.1954). Here the validity of the defense which Fargas now raises cannot be determined on the papers before me and in my view its determination will require the consideration of factual questions which are embraced in the general issue.

As I have indicated *Estep* and *Cox* hold that a defense to a charge of refusal to perform a duty imposed by the Selective Service Act based on failure to afford the registrant exempt status is

---

2. There may be an additional question as to whether the actions of the New York City Headquarters and the actions and statements of the local board during July constituted a reopening of Fargas' classification. Compare Townsend v. Zimmerman, 237 F.2d 376 (6th Cir. 1956) (Stewart, J.); United States v. Vincelli, 215 F.2d 210 (2d Cir.), aff'd on rehearing, 216 F.2d 681 (2d Cir. 1954). While refusal by the local board to reopen a classificaion is not appealable within the Selective Service System, compare 32

C.F.R. §§ 1625.4, 1626.3, a decision to reopen even though followed by an order placing the registrant back in the same classification entitles him to appeal. 32 C.F.R. § 1625.13. Such an appeal would include the special statutory procedure provided for determination of conscientious objector claims. See 50 App. U.S.C. § 456(j). Moreover, a decision to reopen would automatically cancel any outstanding order to report for induction. 32 C.F.R. § 1625.14.

limited in scope. As said in *Estep* (337 U.S. at 122, 66 S.Ct. at 427):

" * * * the courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of the local board made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant."

The question is one to be decided by the trial judge. Cox v. United States, supra, 332 U.S. at 452–453, 68 S.Ct. 115. It is only in the absence of "some proof that is incompatible with the registrant's proof of exemption," Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953), or where denial of the exemption has resulted from the application of erroneous legal standards, United States v. Seeger, supra, that such a defense may be sustained.

Selective Service regulations provide that a local board shall not reopen a registrant's classification after it has mailed him an induction notice "unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." 32 C.F.R. § 1625.2. This section applies to claims for conscientious objector status. E. g., United States v. Taylor, 351 F.2d 228 (6th Cir. 1965); United States v. Beaver, 309 F.2d 273 (4th Cir. 1962).

The rule announced in United States v. Gearey, supra, on which defendant principally relies here is that when a claim of conscientious objection is raised for the first time after receipt of an induction notice a registrant is

"entitled to have his application considered by the Local Board. In light of this, the Local Board must first determine when an applicant's beliefs matured. If the Board properly concludes that the claim existed before the notice was sent, the classification may not be reopened. If the Board finds, however, that the applicant's beliefs ripened only after he received his notice, and that his beliefs qualify him for classification as a conscientious objector then a change in status would have occurred 'resulting from circumstances over which the registrant had no control,' and he would be entitled to be reclassified by the Local Board." 368 F.2d at 150.

But see Boyd v. United States, 269 F.2d 607 (9th Cir. 1959); United States v. Schoebel, 201 F.2d 31 (7th Cir. 1953).

It was impossible to tell from the Board's findings that Gearey was not "a genuine C. O." and that the facts did not warrant a change in his classification whether or not it had followed the newly announced rules just quoted in denying reopening and change in status. The court saw no reason, however, why the Board's "failure to speak with pristine clarity" should require dismissal of the indictment. Gearey had been convicted after trial before the court without a jury. In reversing his conviction the Court of Appeals did not dismiss the indictment but remanded the cause to enable the trial judge to ascertain from the Local Board precisely what it had meant and then to determine whether the conviction should stand or the indictment should be dismissed.

The reliance of the defendant here upon Gearey to support his motion for dismissal at this preliminary stage of the proceedings is misplaced. The basis of the local board's action in the case at bar is no less obscure than that in Gearey, and the record now before the court on this preliminary motion is less complete than it was there after the trial had been completed. In order to determine the validity of the defense which Fargas now seeks to raise, it will be necessary to explore fully all of the facts and circumstances bearing on the board's action to determine whether such action as the board has already taken has a basis in fact when measured by the new guidelines laid down in Gearey. Compare 368 F.2d 150–151.

These factual questions are closely related to and intermingled with the issues which must be decided at a trial on the merits. The defense raised by this preliminary motion cannot be said to be "capable of determination without trial of the general issue" and should be deferred for determination by the trial court.

The motion to dismiss on the facts as presented in the supporting affidavit, like the motion to dismiss the indictment for insufficiency on its face, is in all respects denied.

### III.

There remain the motions for a bill of particulars under Rule 7(f), F.R.Cr. P., and for the production of the defendant's Selective Service file under Rule 17(c), F.R.Cr.P., which are disposed of as follows:

As the Government has consented to do it will: (1) state the time of day and the precise place where the crime is alleged to have been committed; (2) state the sections of the Selective Service Act and the Rules, Regulations and directions which it is claimed defendant violated; and (3) produce defendant's complete Selective Service file for examination. In addition, the Government will state the text of the notice to report for induction which it claims defendant disobeyed and the date on which the notice is claimed to have been mailed to defendant.

Defendant's remaining requests are denied.

It is so ordered.

### On Motion to Reargue

### MEMORANDUM

Defendant moves to reargue my decision of April 5, 1967, denying his motion to dismiss the indictment.

Defendant urges that the decision misconstrued the basis for his earlier motion; he contends that his motion to dismiss was based on the failure of the indictment to allege that Fargas was classified 1–A when the notice to report for induction was mailed to him and that on such a basis the motion should have been granted. In my view there is no merit to this position.

First, as I indicated, it is not disputed that Fargas was classified 1–A during October 1965 and that he remained in that classification up to and beyond May 31, 1966, when the notice to report for induction was mailed to him. The issue here is not whether Fargas was classified 1–A on May 31, 1966, but whether that 1–A classification was proper and whether it survived the events of June and early July. These are matters of defense that should be raised at trial.

Second, I am not prepared to hold that an indictment charging violation of 50 App.U.S.C. § 462 must contain an allegation that defendant was classified 1–A. As indicated in my opinion, "[t]his indictment is amply sufficient to inform the defendant of the nature of the charge against which he must defend himself; to protect him against double jeopardy; and to enable the court to determine whether the facts alleged are sufficient in law to withstand a motion to dismiss or to support a conviction."

Had defendant wanted to claim that he was not in fact classified 1–A on May 31, 1966, he could easily have done so by a motion under Rule 12(b) (1), F.R. Cr.P., based on such readily available evidence as his draft card and current classification card. Instead, the documents supplied to the court by defendant, including portions of his selective service file, plainly show Fargas was classified 1–A in October 1965 and was still in that classification when he received the notice of induction. It is plain that what defendant seeks to challenge on these motions is not the fact of his 1–A classification, but the validity of his classification. I have already ruled that the proper time for such a challenge is at the trial.

The motion to reargue is denied.

It is so ordered.