**UNITED STATES of America**

v.

**Harley Stanford WINER.**

**Crim. No. 70–66.**

United States District Court,
E. D. Pennsylvania.

Feb. 11, 1971.

Louis C. Bechtle, U. S. Atty. of E.D. Pa., Richard R. Galli, Asst. U. S. Atty., for plaintiff.

Edward M. Kopanski, of Needleman, Needleman, Segal, Tabb & Eisman, Philadelphia, Pa., for defendant.

## OPINION

HUYETT, District Judge.

Defendant Harley Stanford Winer has moved for dismissal of the indictment charging him with failure to report for induction into the Armed Forces of the United States in violation of the Selective Service Act, 50 App.U.S.C. § 462.

Defendant contends in substance that the local board order of November 17, 1967 to report is invalid, and further that the delay between the date of the offense which was November 27, 1967 and the date of the filing of the indictment, February 19, 1970, deprived him of his right to a speedy trial under the Sixth Amendment of the Federal Constitution.

Such motion of defendant was not made until October 13, 1970, following arraignment on September 27, 1970. Defendant was arrested in Wilmington, Delaware on March 2, 1970 and on the same date released after filing his own recognizance.

In brief, the indictment charges that on or about November 27, 1967 and continuing thereafter, in Philadelphia, Pennsylvania, the defendant being subject to the Selective Service Act did knowingly and unlawfully refuse to perform a duty required under the Act in that he failed to comply with a valid order of his local board dated November 17, 1967 directing him to report for induction on November 27, 1967 into the Armed Forces of the United States in violation of 50 App.U.S.C. § 462.

A motion to dismiss the indictment is not a device for a summary trial of the evidence. It is directed only to the question of the validity of the indictment on its face, and its sole function is to test the sufficiency of the indictment to charge an offense. United States v. Sampson, 371 U.S. 75, 83 S.Ct. 173, 9 L.Ed.2d 136 (1962). The sufficiency of the indictment must be determined from the words of the indictment and the Court is not free to consider evidence not appearing on the face of the indictment. An indictment is sufficient if it (1) alleges all of the elements of the offense, (2) fairly informs the defendant of that which he must be prepared to meet in the preparation of his defense, (3) protects him against double jeopardy, and (4) enables the Court to determine whether the facts alleged are sufficient in law to withstand a motion to dismiss or to support a conviction. United States v. Fargas, D.C., 267 F. Supp. 452 (1967). United States v. Luros, D.C., 243 F.Supp. 160 (1965). See Rule 7(c) F.R.Crim.P. Certainly the indictment complies with these standards.

In respect to defendant's first claim pertaining to the validity of the induction order, this is a matter of defense which properly may be raised only at trial. United States v. Sisson, 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970). United States v. Fargas, supra.

Defendant, however, in his second contention that the delay of almost 25 months from the date of the offense to the date of the indictment deprived him of his right to a speedy trial under the Sixth Amendment raises a constitutional question. Defendant relies upon Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970). In that case, Dickey, for a period of over seven years while in Federal custody and available to the State of Florida, which had issued a warrant for his arrest on a state criminal charge, made repeated but unsuccessful efforts to secure a prompt trial in the State Court. During that period two witnesses died, another potential defense witness allegedly became unavailable, and possibly relevant police records were lost or destroyed. Thereafter, Dickey was tried and convicted and such conviction was affirmed by the Florida Appellate Court. The Supreme Court, in the opinion of the Court rendered by Chief Justice Burger, found " * * * present in this record abundant evidence of actual prejudice to petitioner" and thus reversed the Florida Court with directions to vacate the judgment because of violation of the Sixth and Fourteenth Amendments guaranteeing the right to a speedy trial.

In the instant case, the Court is not persuaded that the delay of almost 25 months from the date of the offense to the date of the indictment impairs in any way the ability of defendant to mount a defense. Selective service cases generally are non-jury trials based upon documentary evidence. The usual evils of delay in trial—lost evidence and witnesses, fading memories, including that of the defendant—are not present. Defendant does not appear to have sustained any prejudice by the delay, nor has the delay been sufficiently long to raise a probability of substantial prejudice. Certainly longer delay may be permitted where the evidence is documentary as opposed to the testimony of a few witnesses. See generally Justice Brennan's concurring opinion in Dickey v. Florida, supra, and as Justice Bren-

nan points out on page 52, 90 S.Ct. page 1576, of his opinion "[t]he discharge of a defendant for denial of a speedy trial is a drastic step, justifiable only when further proceedings against him would harm the interests protected by the Speedy Trial Clause. Thus it is unlikely that a prosecution must be ended simply because the government has delayed unnecessarily, without the agreement of the accused." Accordingly, within the framework of the instant case, we find no violation of defendant's rights under the Sixth Amendment.

We are not convinced that justice will be served by an absolute discharge of defendant at this time without trial. Further, we believe that the indictment adequately informs defendant of the charges against him, and that defendant should be accorded trial on the charges filed against him without further delay.