Commonwealth *v.* Devlin, Appellant.

Submitted June 13, 1973.  Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Merle K. Evey,* and *Patterson, Evey, Routch & Black,* for appellant.

*Amos Davis,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 19, 1973:
Judgment of sentence affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:
This is an appeal from a judgment of sentence imposed upon appellant after he was found guilty by a jury of sodomy.  As the basis for his appeal, appellant

contends that the Commonwealth did not prove with sufficient specificity the date the crime was committed.

The complainant was twenty-two years old, but had the intellectual development of a six or seven year old child. Because he was unable to manage his business affairs, a social worker made arrangements with the appellant for him to receive the complainant's wages and make disbursements as needed. This arrangement continued from February of 1971 to April 14, 1972. Although the indictment indicated April 16, 1972 as the date of the incident, the trial court found as a fact that the offense occurred sometime between February of 1971 and April 14, 1972.[1]

The court below held that the Commonwealth is not bound to prove that the crime occurred on the date specified in the indictment, provided that some date is shown with reasonable certainty, and within the statute of limitations. With this general proposition, I agree. I do not believe, however, that a date was shown with any reasonable certainty in the instant case where the evidence only showed that the alleged offense occurred sometime within a fourteen month period.

In my opinion the instant case is clearly controlled by this court's decision in *Commonwealth v. Levy*, 146 Pa. Superior Ct. 564, 23 A. 2d 97 (1941). In that case, a sodomy prosecution, the eleven year old complainant's testimony showed that the alleged offense occurred sometime within a two month period. In reversing the conviction and granting a new trial, the court stated:

"It may be conceded that in the prosecution of crimes of the kind here involved the Commonwealth is not required to prove their commission on the date laid in

---

[1] It was obvious that the date specified in the indictment was arbitrarily chosen. The offense was reported to the police on April 14, 1972, two days before the indictment alleged that it occurred. The complainant, moreover, specifically testified that he did not know what day, month, or year he was sexually abused.

the indictment, but, in failing that, we think it has the burden, in order to sustain a conviction, of proving their commission upon some other date, fixed with reasonable certainty and being within the prescribed statutory period . . . .

"In other words, where a particular date or day of the week is not of the essence of the offense, the date laid in the indictment is not controlling, but *some other reasonably definite date must be established with sufficient particularity to advise the jury and the defendant of the time the Commonwealth alleges the offense was actually committed,* and to enable the defendant to know what dates and period of time he must cover if his defense is an alibi . . . .

"We do not understand the rule of the cases to be that the Commonwealth need not prove any date at all, but can sustain a conviction merely by proving that the offense must have been committed upon some unshown date within the statutory period." 146 Pa. Superior Ct. at 569, 570.[2] (Emphasis added).

*Commonwealth v. Rouse,* 207 Pa. Superior Ct. 418, 218 A. 2d 100 (1966) is inapposite to the facts of the instant case. That case held that the Commonwealth is not bound to prove that an offense occurred on the date specified in the indictment where no alibi is offered as to that date, and the Commonwealth's evidence shows a series of offenses occurring within the reasonably certain period of one month. It would be an impossible burden for the defendant to offer an alibi for a fourteen month period. For the appellant to have offered an alibi for the date laid in this indictment would

---

[2] The trial judge attempted to distinguish *Levy* on the basis that no time or date whatsoever was established in that case. The facts of *Levy* show quite clearly that the offense, if any, occurred within a two month period although the specific date could not be established.

have been a futile gesture because that date was two days after the offense was reported.

I do not believe, moreover, that the Commonwealth's burden of establishing the offense with reasonable certainty was diminished by virtue of the complainant's limited mental capacity. In *Levy*, supra at 572, 573, the court disapproved a charge which sought to take into account the age of the complainant in minimizing the Commonwealth's burden. Such a justification does not reflect the consideration for the rights of the accused which the *Levy* rule is meant to protect.

The judgment of sentence should be reversed and a new trial granted.

SPAULDING, J., joins in this dissenting opinion.

---

DISSENTING OPINION BY SPAETH, J.:

I concur in the opinion of Judge HOFFMAN. However, I believe it should be expressly stated that in reaching this result I do not wish to imply that when dealing with a victim who is a young child or who has no greater mental and emotional capacity than a young child the Commonwealth must always prove the actual date of the crime. The sweeping language of *Commonwealth v. Levy*, 146 Pa. Superior Ct. 564, 23 A. 2d 97 (1941), should be considered in the context of that case. There the testimony of the eleven year old victim (a boy) was that the crime occurred on September 1 or 2, but the victim's sister testified that the first time the defendant met the victim had been on her birthday, September 6. Thus there was a clear logical inconsistency in the prosecutor's evidence as to when the crime occurred. Also an eleven year old boy might be regarded as more likely to remember the time of the incident than the victim in the present case, who has been shown to have the intellectual capacity of a first- or second-grade student and the emotional capacity of an even younger child.

142

In considering cases such as *Levy* and the present case no fixed rule should be applied. Rather, the fact that the victim is emotionally young and confused should be weighed against the right of the defendant to know for what period of time he may be called upon to account for his behavior. The fact that the victim cannot set a date for the crime should not necessarily be fatal to the Commonwealth's case, thus making the assailant virtually immune from prosecution. In the present case, this balance tips against the Commonwealth, for it does not appear why the Commonwealth could not have fixed the time of the incident by evidence other than by the testimony of the victim.