Commonwealth *v.* Yon, Appellant.

Submitted March 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*James H. English,* Assistant Public Defender, for appellant.

*Amos C. Davis,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., June 24, 1975:

Following a jury trial on August 1, 1974, appellant was found guilty of statutory rape,[1] sodomy,[2] and corrupting the morals of a minor child.[3] Motions for new trial and in arrest of judgment were filed and denied, and on November 25, 1974, appellant was sentenced. The sentence was modified on January 20, 1975, and this appeal followed.

The only issue raised by appellant concerns the lower court's refusal to quash the indictments for lack of specificity of the date or dates on which the alleged offenses took place.

The situation giving rise to this appeal is both sad and sordid. Suffice to say that the female child involved was thirteen (13) years of age and living with her mother and step-father during the time framed in the indictments from January 1, 1972, to July 1, 1973. It is alleged that during that period and at the direction of her step-father and perhaps her mother this child engaged in many and varied sexual acts with numerous individuals, among them this appellant.

The indictments returned against this appellant read that appellant committed these offenses "between 1 Jan-

---

1. Act of June 24, 1939, P.L. 872, §721, *as amended* (18 P.S. §4721(b)).

2. Act of June 24, 1939, P.L. 872, §501 (18 P.S. §4501).

3. Act of June 24, 1939, P.L. 872, §532, *as amended* (18 P.S. §4532).

uary 1972 and 1 July, in the year of our Lord one thousand nine hundred 73, at the Borough of Williamsburg in the County [Blair]. . . ." Appellant filed a request for a Bill of Particulars, seeking to obtain the "date and time, as exact as may be, that the offense is alleged to have occurred." The Commonwealth disclosed the following information in response:

> "The Commonwealth is able to establish when the defendant first came to the victim's home being on or about January 1, 1972 and subsequent visits up to July 1, 1973."

At trial the victim testified to two (2) occasions when appellant came to her home. The first such visit testified to was shortly after a specified hearing before a Magistrate. The parties stipulated such hearing was held on June 26, 1972. The victim further testified that the second occasion was two (2) or three (3) weeks after the first visit, and further that both were in the summer of 1972. Whether this meant the months of July and August, as would be expected of a child of these years, or the more technical inclusion of a part of September is of no importance. The point is that the occasions were most certainly between June 26, 1972, and September 22, 1972, the technical end of that summer. Either of these time periods does not seem too difficult to establish, nor does it seem to place too difficult a burden upon the Commonwealth by indictment to be more specific, as to time, than an eighteen (18) month period. It certainly does not excuse a duplication of this carelessness in the Bill of Particulars.

Apparently the January 1, 1972, to July 1, 1973, period was the time span in which the child lived with her mother and step-father, and perhaps is the total time span of the alleged sexual activities with many individuals. But that fact does not excuse the laxity of the Commonwealth as to this appellant. The question then is whether this laxity is fatal to the validity of the

indictment. More specifically, does it inform appellant of that which he must be prepared to meet in the preparation of his defense?

Rule 213(a)(3) of the Pennsylvania Rules of Criminal Procedure provides:

"(a) An indictment shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:

" . . .

"(3) the date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, *provided that if the precise date is not known* or if the offense is a continuing one, *an allegation that it was committed on or about any date* within the period fixed by the statute of limitations shall be sufficient." (Emphasis added)

This court has had prior occasions to discuss the sufficiency of an indictment. In *Commonwealth v. Campbell*, 116 Pa. Superior Ct. 180, 186-87, 176 A. 246, 249 (1935), we stated:

"Of course, the indictment must be drawn with reasonable clearness and certainty to show the substance, time and place of the alleged offense, so that a defendant may be informed in an intelligent manner of what he is called upon to answer and protected against a second conviction of the same offense: Seifried v. Com., 101 Pa. 200; Com. v. Romesburg, 91 Pa. Superior Ct. 559, 562. 'The particularity demanded, however, is only of the degree required in declarations,—"certainty to a certain intent in general;" or that which, upon a fair and reasonable construction, may be called certain, and in which the averments of matters obviously arising from implication is unnecessary: [citing cases].

" 'Whether the indictment, in the case before us, might not have been framed with greater precision

and certainty, on the points embraced in the motion to quash, need not be considered; we have only to determine whether it sets forth, with the requisite certainty, the essentials of the offense which it is dessigned [sic] to charge': Com. v. White, 24 Pa. Superior Ct. 178, 180. See, also, Com. v. Frey, supra (50 Pa. 245). This indictment stood these legal tests."

In *Commonwealth v. Rouse*, 207 Pa. Superior Ct. 418, 218 A.2d 100 (1966), bills of indictment alleged that Rouse had committed several crimes, among them sodomy and corrupting the morals of a minor child, "on or about November 15, 1964." Rouse contested the validity of the indictment, arguing that it was not specific enough as to time and place. In passing upon his contention, this court stated:

"It is well established in this jurisdiction that the Commonwealth is not restricted to proof of the crime on the exact date stated in the indictment. *Commonwealth v. Morrison*, 180 Pa. Superior Ct. 121, 118 A. 2d 258 (1955). In the prosecution of sodomy or other crimes in which a particular date or day of the week is not the essence of the offense, the Commonwealth's burden is to prove the commission of the crime upon some date fixed with reasonable certainty and within the prescribed statutory period. *Commonwealth v. Mourar*, 167 Pa. Superior Ct. 279, 74 A.2d 734 (1950). We are of the opinion that this burden was met in this case. Here the trial judge, who observed all the witnesses and assessed their credibility, found that 'on several occasions during the period from approximately the first week in November to the second week in December, and on or about the New Year', the defendant committed the acts with which he was charged. . . ." 207 Pa. Superior Ct. at 422-23, 218 A.2d at 102.

In the instant case, appellant's defense was founded entirely on a mistaken identity theory. He denied knowing

the victim, the step-father or the mother. He offered tatoos on his body, which the victim failed to remember, as evidence of mistake. He offered witnesses and evidence that he was bearded and long haired during the interval in question, and not clean shaven and short haired as described by the victim. He denied ever being in Williamsburg. In short, at no point in the record did appellant indicate any prejudice by reason of the lack of specific dates in the preparation of his defense. Nor has he contended that the time of the offense is an essential element thereof.

While each case must be separately analyzed to determine the sufficiency of an allegedly improper indictment, we believe that under the facts and circumstances of the instant case, the indictment met the requirements of Rule 213(a)(3) and the tests established by prior cases. As stated by the lower court:

"That it did not in anywise affect or change or alter the defense of the defendant or his ability to defend is best demonstrated by his positive and affirmative testimony to the effect that he had never visited nor had he had sexual relations of any nature or character with the child here involved nor with her mother. He testified that this lack of connection between himself and the child here involved referred to the times complained of or testified to as well as all other times. We believe in light of all the circumstances here, that the averment as of time was sufficient: *Commonwealth v. Devlin*, 225 Pa. Superior Ct. 138, 310 A.2d 310 (1973)."[4]

Judgment affirmed.

JACOBS, J., concurs in the result.

_____

4. The *Devlin* case was reversed by Opinion of the Supreme Court of Pennsylvania on March 18, 1975, 460 Pa. 508, 333 A.2d 888 (1975). The reversal was based on the facts and circumstances of that case, and does not change the results of this opinion.

CONCURRING OPINION BY VAN DER VOORT, J.:

While I concur in the majority's affirmance of judgment of sentence, I note my disagreement with its reliance upon the fact that at no point previous to appeal did appellant avail himself of the argument that the indictment failed as to specificity. I believe that the real issue presented to our Court is not the implication of appellant's failure at trial to contend that time should have been more narrowly delineated, but rather whether or not the indictment was in accord with our law.

The Grand Jury returns, as to each of the aforementioned charges, read that appellant "between 1 January 1972 and 1 July, in the year of our Lord one thousand nine hundred 73, at the Borough of Williamsburg, in the County aforesaid [Blair] . . . ." did commit the alleged offenses "against the peace and dignity of the Commonwealth of Pennsylvania." Appellant requested a bill of particulars asking for the names of witnesses and the time and place of the offense "as exact as may be." The Commonwealth supplied the names of witnesses and as to the time and place of the offense stated as follows: "By virtue of the frequent visits of the defendant to the residence of the victim's abode and the commission of the crime on those various occasions, the Commonwealth is able to establish when the defendant first came to the victim's home, being on or about January 1, 1972, and subsequent visits up to July 1, 1973."

For a concise statement of the principle which guides my deliberation herein, and which is in conformity with our Commonwealth's law, we turn to *United States v. Winer*, 323 F. Supp. 604, 605 (E.D. Pa. 1971), wherein Judge HUYETT said: "An indictment is sufficient if it (1) alleges all of the elements of the offense, (2) fairly informs the defendant of that which he must be prepared to meet in the preparation of his defense, (3) protects him against double jeopardy, and (4) enables the Court to determine whether the facts alleged are sufficient in

law to withstand a motion to dismiss or to support a conviction." "Of course, the indictment must be drawn with reasonable clearness and certainty to show the substance, time and place of the alleged offense, so that a defendant may be informed in an intelligent manner of what he is called upon to answer. . . ." *Commonwealth v. Campbell,* 116 Pa. Superior Ct. 180, 186, 176 A. 246, 249 (1935). See also *Commonwealth v. Morgan,* 174 Pa. Superior Ct. 586, 102 A.2d 194 (1954).

I believe that the facts of the instant case place it squarely within the precedent of *Commonwealth v. Rouse,* 207 Pa. Superior Ct. 418, 422-23, 218 A.2d 100, 102 (1966): "In the prosecution of sodomy or other crimes in which a particular date or day of the week is not the essence of the offense, the Commonwealth's burden is to prove the commission of the crime upon some date fixed with reasonable certainty and within the prescribed statutory period." The date of commission is not an element of the offense of either the crime of statutory rape, or sodomy, or corrupting the morals of children. Moreover, the crimes charged herein do not lend themselves to specificity as to date, and indeed it is more reasonable to expect in the instant circumstances that specific dates would be unknown. Our Pennsylvania Rule of Criminal Procedure Number 213 (a) (3) provides that "[a]n indictment . . . shall be valid and sufficient in law if it contains: . . . (3) the date when the offense is alleged to have been committed if the precise date is known . . . provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient. . . ." This portion of our case and procedural law stems from the legally-sanctioned ability of the Commonwealth to prove the occurrence of an event of criminality prior to the date listed in the indictment. "It has been held repeatedly that where time

is not of the essence of the offense, the Commonwealth can show any time prior to the finding of the indictment and within the period of limitation." *Commonwealth v. Bridges*, 82 Pa. Superior Ct. 92, 94 (1923). So long as time is not an element of the crime charged, and a defendant can adequately prepare answer, and the allegations charged occurred prior to or within the date or dates adopted by the Commonwealth and within the applicable statutory period, I conclude that a stated period of time is a sufficient statement of criminal activity for purposes of the indictments in question.

At trial of the instant case the Commonwealth proved that the offenses occurred in the victim's home shortly (as conceded by appellant in his brief), after a hearing before a certain Magistrate, the date of which was stipulated to be June 26, 1972 and again two or three weeks after that. Appellant does not contest the particularity of the proof of the times of the offenses at trial, hence *Commonwealth v. Devlin*, 460 Pa. 508, 333 A.2d 888, filed March 18, 1975, is not apposite.

I therefore believe that the instant indictments were not defective and that trial proceeded properly thereon. For the foregoing reasons, I concur in affirming judgment of sentence.

WATKINS, P.J., joins in this concurring opinion.